Derbigny, J.
delivered ihe opinion of the court,. The plaintiff and appellee is an inhabitant of Bayou Sarah, whose business was usually done by the defendant and appellant, a merchant in St. Francisville. Having some, money to collect at New-Orleans, from the house of Flower & Finley, he gave to the appellant an order on them for the amount; and subsequently, on being informed , by the appellant that J. Tolmau. his clerk, was in New-Orleans on a journey and might bring the ap- *55 pellee’s money safely, he appears to have re-A _ quested the appellant to commission him to fetch it, together with some other money which the appellee had in the hands of L. Millaúdon. Tolman brought the money to.St. Francisville, and deposited it with other monies in the drawer Í of a desk of the appellant’s, in the appellant’s store. The money, however, disappeared ; and on the refusal of the appellant to refund it, the present suit is brought to compel him thereto.
The defendant resists this claim on the ground that this money never was delivered to him, but to Tolman, out of whose possession it was stolen. He proves that when Tolman arrived at St. Francisville, he (the defendant) was absent, and that the money had disappear-' ed before his return.
That employers are responsible for the acta which the persons employed by them execute within the limits of their agency, and that, of course, merchants are answerable for the acts done by their clerks as such, is one of those plain rules which admit of no dispute. The only question here, therefore, is ope of fact: Was Tolman acting in the line pf his functions ⅜ clerk of the defeddant, when he received, brought up and kept the plaintiff’s money ?
The defendant endeavours to stand out of the *56 way by attempting to shew' that Tolman acted c < at the request of tire plaintiff. He exhibits a ¡letter in which tbe plaintiff requests him to employ his young man to collect the money; but that letter is in answer to one in which the defendant informs the plaintiff that Tolman is at, Mevv>C)rleans, and will be a safe hand to bring'tbe money; and that letter refers to an order which the plaintiff had given long before to the defendant for that part of his money Which was in tbe hands of Flower & Finley. The defendant was the person who (lid the plaintiff’s business. Before Tolman went to New-Orleans, he had already received the order on Flower & Finley payable to himself, and needed no authorization from the plaintiff to send it by his clerk. Tolman brought the ¡¡money, put it along with some , of the defendant’s ⅛ a: drawer of the defendant’s desk, and he and another clerk paid and changed money out of that drawer indiscriminately. It is strongly probable, though the witnesses (lid not disclose it$ that the plaintiff was credited with the amount received for him at New-Oiieans, for .among the payments made by the clerks out.of the drawer, is that of ah order of the- plaintiff for fifty dollars, which was changed to. his account.
Livingston, for the plaintiff — the defendant did not appear.
We are of opinion, upon the whole, that Tolinan acted, with respect to the plaintiff’s money, as the clerk of the defendant, and that the defendant is liable for the loss of that money in his store.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.